FILED
SUPERIOR COURT
OF GUAM

2019 MAR -5 PM 3) 54

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| CLARK SAMPSON, JR., <br><br> Plaintiff, <br><br> vs. <br><br> BLUE OCEAN SPORTS GUAM, INC., ET. AL., <br><br> Defendants. | Superior Court Case No. <u>CV0459-18</u> <br><br> **DECISION AND ORDER RE DEFENDANT PADI ASIA PACIFIC JAPAN'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION** |

This matter came before the Honorable Elyze M. Iriarte on Defendant K.K. PADI Asia Pacific Japan dba PADI Japan's Motion to Dismiss for Lack of Personal Jurisdiction under GRCP 12(b)(2) filed on November 5, 2018. The Court conducted a hearing on the matter on January 11, 2019. Having considered the parties' arguments and applicable law, the Court issues the following Decision and Order GRANTING Defendant's Motion to Dismiss.

### I.   PROCEDURAL AND FACTUAL BACKGROUND

Plaintiff Clark Sampson, Jr. alleges he suffered an injury while working as a diving assistant for Defendant Tsutomo Kinoshita's shop, Defendant Blue Ocean Sports Guam, Inc. (hereinafter "Blue Ocean"). *See* V. Compl. ¶¶ 27, 35, 37-41, 44, 46, 47, 49, 50, 70 (May 15, 2018). Sampson claims that Defendant Kinoshita improperly trained him, and therefore asserts personal injury causes of action against Defendant Kinoshita, Blue Ocean, and Aqua Breeze, Inc., but also various PADI entities, including PADI Japan.

ORIGINAL

Sampson claims PADI Japan is liable because of its careless and negligent administration in providing him with clearly erroneous dive certifications and because it is vicariously liable for the actions of its agents, Defendants Kinoshita and Blue Ocean. Pl.'s Opp'n to Mot. Dismiss at 2-3 (Dec. 10, 2018). Allegedly, Defendant Kinoshita improperly trained Sampson and falsified Sampson's certifications and records, each containing "obvious" flaws and inaccuracies PADI Japan should have caught but did not. *Id.* As a result, Sampson was injured "by a combination of improper training from a PADI Certified Diving Instructor, negligent oversight of certifications and licenses freely handed out by Defendant PADI Japan...and PADI Japan's vicarious liability for the actions of [its] agents, Defendants Kinoshita and Blue Ocean." *Id.* at 3.

## II.    LAW AND DISCUSSION

### A.  Standard for Dismissal

PADI Japan contends that the Court lacks any basis for personal jurisdiction. Mot. at 2 (Nov. 5, 2018). For motions arguing lack of personal jurisdiction, the plaintiff must establish jurisdiction over the defendant. *See Banes v. Superior Court of Guam*, 2012 Guam 11 ¶ 26. A plaintiff cannot "simply rest on the bare allegations of [his] complaint, but rather [is] obligated to come forward with facts, by affidavit or otherwise, supporting personal jurisdiction." *Amba Marketing Syss., Inc. v. Jobar Intern., Inc.*, 551 F.2d 784, 787 (9th Cir. 1977). However, "[w]here not directly controverted, a plaintiff's version of the facts is taken as true for the purposes of a 12(b)(2) motion to dismiss." *Doe v. Unocal Corp.*, 248 F.3d 915, 922 (9th Cir. 2001).

### B.  Lack of Personal Jurisdiction

Under Guam's long-arm statute, a court may exercise jurisdiction over a nonresident defendant "on any basis not inconsistent with the Organic Act or the Constitution of the United States." 7 G.C.A. § 14109. Such a broad long-arm statute requires that the Court's analysis of

ORIGINAL

personal jurisdiction "simultaneously [include] analyz[ing] the issue of constitutional due process." *Banes*, 2012 Guam 11 ¶ 27. Therefore, a nonresident defendant must "have minimum contacts with the forum such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Id.* at ¶ 28 (citing *PCI Commc'ns, Inc., v. GST Pacwest Telecom Haw., Inc.*, 1999 Guam 17 ¶ 17). "Only if minimum contacts exist will the nonresident defendant be subject to either general (i.e., unlimited) or specific (i.e., limited) jurisdiction." *Id.*

General jurisdiction exists over a nonresident defendant when the "defendant's activities within the forum are so substantial and continuous and systematic that [it] would warrant the forum to exercise personal jurisdiction over claims that arise anywhere, even those claims that are unrelated to the defendant's forum activities." *Id.* at ¶ 35. These "contacts with the forum are so wide-ranging that they take the place of physical presence in the forum as a basis for jurisdiction." *Id.* The corporation, therefore, must essentially be "at home in the forum State." *Daimler AG v. Bauman*, 571 U.S. 117, 139 (2014) (citing *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 923 (2011)). Paradigm forums for general jurisdiction are a corporation's place of incorporation, principal place of business, and if an "exceptional case" exists. *Id* at 134.

Sampson fails to meet the burden of proving jurisdiction over a nonresident defendant under the general jurisdiction test. PADI Japan is not incorporated in Guam, does not have its principal place of business in Guam, does not offer or sell any products or services directly to Guam, and it has never had a Guam business license or maintained a physical address in Guam. *See* Def.'s Decl. Counsel, Ex. 1, ¶¶ 4, 5, 6 (Aug. 7, 2018).

Sampson would have to establish general jurisdiction over PADI Japan as an "exceptional case." Simply asserting that PADI Japan oversaw and administered Defendants Kinoshita and

Blue Ocean's PADI dive shop in Guam for at least four years, and sold "countless services and products indirectly to individuals on Guam through Defendants Kinoshita and Blue Ocean" is not enough to constitute activity that is "substantial" and "continuous and systematic" enough to make PADI Japan "at home" in Guam. Pl.'s Opp'n to Mot. Dismiss at 6. Defendant Blue Ocean is only a single shop in Guam, and all of PADI Japan's sales were indirect.

Sampson also fails to establish jurisdiction over PADI Worldwide under the specific jurisdiction test. *PCI Commc'ns, Inc.,* 1999 Guam 17, provides the framework for establishing specific jurisdiction:

1. The nonresident defendant must do some act or consummate some transaction with the forum or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws.
2. The claim must be one which arises out of or results from the defendant's forum-related activities.
3. The exercise of jurisdiction must be reasonable.

*Id.* ¶ 23 (citing *Data Disc Inc. v. Systems Tech. Assocs., Inc.,* 557 F.2d 1280, 1287 (9th Cir. 1997)). Under the first prong, a nonresident defendant purposefully avails himself of the laws of Guam if the "defendant takes deliberate actions within the forum state or creates continuing obligations to forum residents." *Id.* at ¶ 24. Its purpose "is to give the defendant notice that he would be subject to suit in the foreign forum." *Banes,* 2012 Guam 11 ¶ 38 (citing *World–Wide Volkswagen Corp. v. Woodson,* 444 U.S. 286, 297 (1980)).

Sampson contends that PADI Japan has purposefully availed itself of the privilege of conducting activities in Guam because it administered Defendant Blue Ocean as a satellite shop of PADI in Guam. Pl.'s Opp. to Mot. Dismiss at 7. As a result, PADI Japan processed all certifications received by individuals in Guam from Defendants Kinoshita and Blue Ocean, and PADI Japan received any profits from materials purchased by individuals in Guam from

ORIGINAL

Defendants Kinoshita and Blue Ocean. *Id*. However, Sampson contradicts himself; he later claims that it is "completely irrelevant" that PADI Japan "never sent materials or certifications directly to Defendant Blue Ocean, but instead would send them to Blue Ocean Japan...[which] would in turn forward them to Defendant Blue Ocean." *Id*. at 8.

This distinction is not irrelevant, but crucial. As stated in *PCI Commc'ns, Inc.*, purposeful availment exists when a defendant takes *deliberate* actions *within* the forum state. 1999 Guam 17 ¶ 24 (emphasis added). PADI Japan maintains that although it processed Sampson's PADI certifications, it received the request "from Blue Ocean Japan from an address in Japan, and sent the certifications to Blue Ocean Japan at an address in Japan, all done within Japan." Mot. Dismiss at 12. PADI Japan dealt exclusively with Blue Ocean Japan within Japan. Yaushiro Soda Decl. I ¶¶ 18-27 (Nov. 5, 2018). In short, PADI Japan did not engage in any activities expressly aimed at or within Guam, and therefore it did not purposefully avail itself of conducting business in Guam. Having determined that purposeful availment does not exist in this case, the Court declines to consider the remaining two prongs outlined in *PCI Commc'ns*, 1999 Guam 17.

## III.    CONCLUSION

The Court GRANTS Defendant's PADI Japan's Motion to Dismiss for Lack of Personal Jurisdiction pursuant to Rule 12(b)(2) of the Guam Rules of Civil Procedure.

SO ORDERED this 5th day of March 2019.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the
original hereto was placed in the
court box of:
*Berman , Bell*
*Yanza*
3/5/19
Date: _____ Time: _____
Appearing Attorneys:
*Yanza*
Deputy Clerk, Superior Court of Guam

Daniel J. Berman for PADI K.K. PADI Asia Pacific Japan
John Richard Bordallo Bell for Clark Sampson, Jr.
Louie J. Yanza for Aqua Breeze, Inc.

ORIGINAL